DAVID COHEN vs. ALFRED STEVENSON.

First Judicial District, Hartford, October Term, 1920.
WHEELER, C. J., BEACH, CASE, CURTIS and KEELER, Js.

While engaged with the defendant, his employer, in hanging tobacco, the plaintiff was directed to place a board across the rack of the wagon to stand on in handing up slats of tobacco to the defendant. The board, which was in fact defective, gave way and the plaintiff fell and broke his leg. He testified that the defendant assured him the board in question was all right, as he, the defendant, had used it the day before for the same purpose. This the defendant denied, and testified that he merely told the plaintiff to get a board and that plaintiff selected the one he wanted from a number nearby which were suitable for the purpose. The court charged the jury that if the plaintiff had an opportunity to examine the board and determine for himself whether or not it was safe, but failed to take advantage of such opportunity, he could not recover. *Held* that

this instruction was inadequate, in that it ignored the effect upon the plaintiff's conduct of the alleged assurance of the defendant that the board was safe for use.

The court further charged that if the defendant had a supply of suitable boards from which plaintiff was free to select one for his own use, but voluntarily and carelessly used the board in question, he could not recover. *Held* that this statement should have been qualified by an explanation that carelessness on the part of the plaintiff in the selection of the board would not arise merely from his failure to inspect for latent defects.

When instrumentalities are furnished to a servant to use, he may assume that the master has performed his duty to use reasonable care to provide reasonably safe instrumentalities.

While both master and servant must exercise reasonable care as to the safety of instrumentalities for the use intended, a servant is not required to make an inspection to discover latent defects, although such inspection is ordinarily required on the part of the master.

If the master assures the servant that an instrumentality is safe for use and the servant relies on such assurance, the servant is relieved in a measure of the usual obligation to be vigilant to detect and avoid danger; such assurance being calculated to give him a sense of security in the use of the instrumentality.

The servant has the right to rely upon such an assurance notwithstanding his own previous doubts, unless the danger is so obvious that no man of ordinary prudence would incur it.

An employer who provides a number of instrumentalities for his servant's use, some of which are reasonably safe and others not, cannot escape liability for injuries arising from the use of an unsafe instrumentality in the selection of which he, the employer, had not used due care, unless the servant was also negligent in chosing that particular instrumentality from among the others.

Argued October 8th—decided November 10th, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Jacob Schwolsky,* with whom, on the brief, was *Morris Blumer,* for the appellant (plaintiff).

*Theodore G. Case,* for the appellee (defendant).

CURTIS, J. The plaintiff's reasons of appeal relate to the correctness and adequacy of the charge of the court in dealing with the facts which the parties had offered evidence tending to prove.

The plaintiff offered evidence to prove these facts: In August, 1919, the defendant conducted a farm and employed the plaintiff to work upon it. The defendant ordered the plaintiff to assist him in unloading tobacco from a wagon and hanging it in a shed, and directed the plaintiff to place a certain board across the rack on the wagon and stand upon it and hand up, with a fork, slats of tobacco to the defendant, who was standing on a tier of the sheds fifteen feet from the ground. The plaintiff placed the board across the rack of the wagon. The board was from seven-eighths of an inch to one inch thick, between nine and ten inches wide and about six feet long. The rack was about four feet wide, and the board when on the rack was seven feet above the ground. After the plaintiff, standing on the board, had passed up one slat of tobacco and while passing up the second slat, the board broke under him and he fell to the ground a distance of seven feet and broke his right leg between the knee and ankle. The defendant stated to the plaintiff, when directing how to use the board, that the board was all right and that he had used it the day before for the same purpose. The plaintiff relied upon this assurance. The board was unsafe and likely to break in such use. The defendant knew that the board was unsafe for such use, and was likely to break if used. The board had a knot about where it broke. The board was defective and could have been found to be defective by the defendant. The plaintiff never had previous experience of standing on boards, and had no knowledge of the strain that any particular board could withstand. The plaintiff was not guilty of any con-

tributory negligence in using the plank or while standing upon it.

The defendant offered evidence to prove these facts: While unloading tobacco at the time and place claimed by the plaintiff, the defendant told the plaintiff, his servant, to get a board and place it across the rack on the wagon to stand on, and fork up tobacco to the defendant standing on a tier of the shed above the plaintiff. The plaintiff picked up a board from the ground, placed it across the rack, and stood upon it until it broke and he fell. The defendant did not and could not see the board which the plaintiff picked up and put across the wagon rack. The plaintiff examined the board before so using it, and it appeared to him to be sound and in good condition. There were a number of boards nearby suitable for such use, any one of which the plaintiff might easily have used.

The court correctly instructed the jury as to the duty resting upon the defendant, as the employer of the plaintiff, to exercise reasonable care to provide him a reasonably safe place to work and reasonably safe appliances and instrumentalities for his work. In the course of its instructions it charged: "If you find that the plaintiff had an opportunity to examine the board and determine for himself whether or not it was safe for the use, but failed to take advantage of such opportunity, the plaintiff cannot recover." This instruction, in view of the facts which the plaintiff offered evidence to prove, was not a correct or adequate instruction upon the law applicable to such facts. It ignores the effect upon the plaintiff's conduct of the assurance which he claimed to have proved that the defendant gave him, and he relied upon, to the effect that the board was safe for the proposed use. When instrumentalities are furnished to a servant to use, he may assume that the master has performed his duty to use reasonable

care to provide reasonably safe instrumentalities. Dresser on Employers' Liability, § 111. "Both master and servant must exercise reasonable care" as to the reasonable safety of instrumentalities for the use intended; "but reasonable care upon the part of the servant does not require of him an inspection to discover latent defects, while reasonable care on the part of the master does [ordinarily] require such inspection from him." Dresser on Employers' Liability, § 112; 3 Labatt on Master & Servant (2d Ed.) Chap. 44. If the master assures the servant that an instrumentality is safe for use, and the servant relies upon such assurance, the servant is relieved in a measure of the usual obligation to be vigilant to detect and avoid danger, such assurance being calculated and intended to give him a sense of security in the use of the instrumentality. 18 R. C. L. p. 655, §§ 149, 150. Where a servant uses an instrumentality relying upon the assurance of his master that such instrumentality may be used in safety, the mere fact, if proven, that before such assurance was given the fears of the servant had been aroused as to the safety of the instrumentality, will not, as a matter of law, charge him with contributory negligence, or an assumption of the risk involved, unless the danger was so obvious that no man of ordinary prudence would incur it. *Nelson-Bethel Clothing Co.* v. *Pitts*, 23 L. R. A. (N. S.) 1013 note (131 Ky. 65, 114 S. W. 331); 4 Labatt on Master & Servant (2d Ed.) §§ 1373, 1374; *Graham* v. *Newburg O. C. & C. Co.*, 38 W. Va. 273, 18 S. E. 584; Dresser on Employers' Liability, § 113. The instruction given should have been qualified by informing the jury, in substance, that if the defendant directed the plaintiff to use the board in question for the purpose for which it was used, and assured him that it was safe for such use, the plaintiff had a right to assume that the master had exer-

cised due care in providing the board and that the board was fit for such use, and to rely upon such assurance, unless the obvious condition of the board would cause a man of ordinary prudence to examine the board for defects, and that the plaintiff could not recover if under all the surrounding circumstances, including such assurance and right of assumption, he had failed to use due care in using this board as a platform to stand upon.

The court further said in the charge: "Now, it does not appear that there was any apparent defect in the plank." In no part of the charge is there an explanation of the effect upon the conduct of a servant of an assurance by the master of the safety of an instrumentality for certain use, and the reliance of the servant upon such assurance which the law recognizes as stated above. The charge deals with an assurance of safety in the use of the board by the master as an independent cause of action, rather than as a circumstance to be considered in determining whether, under all the surrounding circumstances, the plaintiff used due care in using the board as a platform. The charge in effect denies the plaintiff the right to recover under the circumstances stated in the above quotation, although an assurance of the safety of the board for the use proposed was given by the defendant and relied upon by the servant, and although an examination of the board by the plaintiff in the exercise of reasonable care under all the circumstances might not have disclosed to the plaintiff that the board was unsafe for the use proposed, and although the defendant had failed to use reasonable care in providing this board for that use.

The court also charged the jury as follows: "If you find that the defendant had a supply of materials suitable for the purposes for which this board was to be used in said shed at the time of this accident, and that from this supply the plaintiff was free to select a suit-

able board, but that the plaintiff voluntarily, unnecessarily and carelessly used the board which he did use, then the plaintiff cannot recover." This portion of the charge should have been accompanied by an explanation that carelessness on the part of the plaintiff in the selection of a board would not arise from his failure to inspect for latent defects. This limit on the plaintiff's duty was not elsewhere stated to the jury.

The court also charged the jury as follows: "Now, on the other hand, the defendant says that he did not designate this plank, that he might have told or might not have told the plaintiff that he had used that plank the day before. It is the object, apparently, of the defendant's testimony, to show that he did not select any plank; that there were a number of planks lying there, which have not been described in the evidence, and that he left it entirely for the plaintiff to pick out his own plank, and use whatever plank he saw fit. Of course if that were true, that he did select the plank, and there were proper planks there which the plaintiff might have chosen, or he was free to choose, why, the defendant is not liable for the plaintiff's selecting this plank, and the consequences of his selection." Under the circumstances set forth in this portion of the charge, the consequences of the plaintiff's selection of an unsafe plank from a number of planks furnished by the defendant, some safe and some unsafe for the use proposed, would not fall upon the plaintiff unless he negligently selected an unsafe plank. If an employer provides a number of instrumentalities, some reasonably safe and some not reasonably safe, he cannot escape liability for injuries arising from the use of an unsafe instrumentality, in regard to the selection of which he had not used due care, by causing the servant to select the instrumentality for a particular use, unless the

servant negligently made the selection. *Farrell* v. *Eastern Machinery Co.*, 77 Conn. 484, 59 Atl. 611; *McElligott* v. *Randolph*, 61 Conn. 157, 163, 22 Atl. 1094.

We are of the opinion that the charge gave inadequate and prejudicial directions as to these features of the case, and that the plaintiff's fifth, sixth and eighth claims of error are well taken; the remaining claims of error are not well taken, and are not of such general interest as to require discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except CASE, J., who dissented.